UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: 3:02CR72 (AWT) |
| Plaintiff, | ) REPLY BRIEF |
| vs. | ) |
| NEGUS THOMAS, | ) |
| Defendant | ) |

### I. *Federal/State Disparity*:

The government states:

"The defendant's argument that there is an unwarranted disparity between the federal system's treatment of this murder and the result that would have obtained in state system is misplaced. In Connecticut, the first degree murder of Gil Torres would have been punished by 60 years of imprisonment, see C.G.S. section 53a-35b, which while different from life, hardly can be characterized as an unwarranted disparity." See, the government's reply to the defendant's Crosby brief, at p. 7, n. 2.

The defendant stands by his argument and says that the government's analysis of the state system's treatment of this murder is inaccurate.

A term of life imprisonment without the possibility of release is one of the penalties that the State of Connecticut can impose for a capital felony. The other penalty is death. C.G.S., Section 53a-35a (1). A capital felony is defined in C.G.S., Section 53a-54b. A term of imprisonment, which

is not less than twenty-five years or more than life, is the penalty the State of Connecticut can impose for the class A felony of murder. C.G.S., Section 53a-35a (2).

In the case at bar, the conduct of Negus Thomas does not constitute a "capital felony" according to C.G.S., Section 53a-54b. Therefore, a life term of imprisonment pursuant to C.G.S., Section 53a-35a (1) is not required. A Superior Court judge for the State of Connecticut would have the discretion to sentence Mr. Thomas for his conduct under C.G.S., Section 53a-35a (2) to a term of imprisonment between twenty-five years and life. The disparity between a federal sentence pre-Booker and a state sentence pre-Booker remains unwarranted. The disparity can only be addressed through a full re-sentencing of Mr. Thomas before this Court.

### II. *Drug Quantity*:

The drug conspiracy sentence imposed by this Court pre-Booker is subject to a "nontrivially different" finding at re-sentencing as well. While the Court found a drug quantity of at least 1.5 kilograms of cocaine base at sentencing, the jury found a drug quantity of at least 50 grams of cocaine base at trial. Therefore, Mr. Thomas' Base Offense level should not exceed a level 32.

### III. *Conclusion*:

A full resentencing of Negus Thomas is appropriate in this case. A full resentencing would provide this Court with an opportunity to resolve the disparities in the federal/state sentencing schemes, the crack vs. powder disparity as well as the disparity between the jury's drug quantity finding at trial and the court's drug quantity finding at sentencing. Moreover, the

court will have the opportunity to assess the ability of Mr. Thomas to express any remorse now that he has had some time to reflect on the case while in prison.

        Dated this 14th day of August, 2006

By: /s/ David J. Wenc
David J. Wenc,
FedBar#ct00089
Wenc Law Offices
44 Main Street
P.O. Box 306
Windsor Locks, CT 06096
Tel. 860-623-1195
E-Mail: david.wenclaw@sbcglobal.net

### CERTIFICATION

I hereby certify that on August 14, 2006 I served a copy of the foregoing Reply Brief via U.S. mail, postage prepaid, and/or electronically, to:

Chambers of the Honorable Alvin W. Thompson
United States District Court
450 Main Street
Hartford, CT 06103

Michael J. Gustafson, AUSA
U.S. Attorney's Office
157 Church Street
P.O. Box 1824
New Haven, CT 06510

Richard Cramer, Esq.
449 Silas Deane Highway
Wethersfield, CT 06109-2120

/s/ David J. Wenc

David J. Wenc, Esq.