UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 27th day of April, two thousand and six.

PRESENT:

    Hon. John M. Walker,
        Chief Judge,
    Hon. Richard J. Cardamone,
    Hon. Barrington D. Parker,
        Circuit Judges.

------------------------------------x

UNITED STATES OF AMERICA,
    Appellee,

v.                                   No. 03-1777-cr(L); 03-1778-cr(CON)

JERKENO WALLACE and NEGUS THOMAS
    Defendants-Appellants.

------------------------------------x

FOR APPELLANTS:    Richard S. Cramer, Wethersfield, CT, *for Jerkeno Wallace*.

                      David J. Wenc, Windsor Locks, CT, *for Negus Thomas*.

FOR APPELLEE:    Michael J. Gustafson, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, on the brief) *for Kevin J. O'Connor*, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from judgments of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED in part, and REMANDED for consideration of whether to resentence pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).**

Defendants-Appellants Jerkeno Wallace and Negus Thomas appeal from judgments of the United States District Court for the District of Connecticut (Alvin W. Thompson, *J.*), convicting them of six counts and seven counts, respectively, of conspiracy to distribute 50 grams or more of cocaine base (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 846); aiding and abetting drug distribution (21 U.S.C. §§ 841(b)(1)(C); 18 U.S.C. § 2); drug distribution (21 U.S.C. § 841(b)(1)(C)); operating a drug distribution outlet as to Thomas (21 U.S.C. § 856(a)(2)); conspiracy to use a firearm in furtherance of a drug trafficking crime and/or a crime of violence (18 U.S.C. § 924(o)); firing a weapon into a group of persons, and, in doing so, committing murder in the first degree (18 U.S.C. §§ 36(b)(2)(A), 1111(a), 2); possessing a firearm in relation to a drug trafficking crime, and, in doing so, committing murder in the first degree (18 U.S.C. §§ 924(j)(1), 924(c)(1)(A)(iii), 2); and possessing a firearm in relation to a crime of violence, and, in doing so, committing murder in the first degree (18 U.S.C. §§ 924(j)(1), 924(c)(1)(A)(iii), 2). Wallace and Thomas were both sentenced to life in prison. Familiarity with the relevant facts, procedural history, and legal issues is presumed.

Both Appellants challenge their convictions on several grounds. Thomas also challenges the imposition of certain enhancements at his sentencing. This summary order disposes of all of their claims, except Thomas's claim that he was inappropriately convicted for two violations of 18 U.S.C. § 924(c)(1) based on his committing two predicate offenses with a single use of a firearm. We treat that claim in a separate opinion. Having concluded that the Appellants' remaining objections lack merit, we affirm in part, and remand for proceedings consistent with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), with respect to the sentences of both Appellants.

I.

Appellant Thomas invokes the Commerce Clause to challenge the constitutionality of the drive-by shooting statute. 18 U.S.C. § 36(b). Although this argument has been waived, even if we were to reach it, we would easily reject it since we have held that several federal criminal statutes, including one which criminalizes the commission of murder while engaged in a large narcotics conspiracy, do not violate the Commerce Clause even after <u>United States v. Lopez</u>, 514 U.S. 549 (1995). See <u>United States v. Walker</u>, 142 F.3d 103, 111 (2d Cir. 1998).

Thomas challenges the vagueness of the drive-by shooting statute, 18 U.S.C. § 36. In a case such as this, vagueness is assessed in light of the specific facts of the case and not with regard to the statute's facial validity. <u>United States v. Rybicki</u>, 354 F.3d 124, 129 (2d Cir. 2003) (en banc), <u>cert. denied</u>, 543 U.S. 809 (2004). If a defendant's "conduct is clearly proscribed by

the statute[, he] cannot successfully challenge it for vagueness." Id. (internal quotation marks omitted). Section 36(b)(2) criminalizes the conduct of "[a] person who, in furtherance or to escape detection of a major drug offense and with the intent to intimidate, harass, injure, or maim, fires a weapon into a group of 2 or more persons and who, in the course of such conduct, kills any person." 18 U.S.C. § 36(b)(2). The defendant's vagueness challenge fails because his conduct clearly falls within the plain language of the statute. The mode of transportation is irrelevant to the analysis, and the statute is not unconstitutionally vague as applied to defendant Thomas. The rule of lenity "is not applicable unless there is a grievous ambiguity or uncertainty in the language and structure of [the statute]." Chapman v. United States, 500 U.S. 453, 463 (1991) (citation and internal quotation marks omitted). There is no such ambiguity or uncertainty in the language of this statute.

Thomas argues that the District Court erred in determining that the photo array was not unduly suggestive. In order to determine whether an allegedly tainted identification is admissible, courts must conduct a sequential inquiry. Raheem v. Kelly, 257 F.3d 122, 133 (2d Cir. 2001). Under the first step of that inquiry, the court must "determine whether the pretrial identification procedures unduly and unnecessarily suggested that the defendant was the perpetrator." Id. We agree with the District Court that the array was not unduly suggestive.

Thomas argues that the District Court should have found that his interrogation at the police station, at which no Miranda warnings were given, was a violation of Miranda. Under Oregon v. Mathiason, 429 U.S. 492, 495 (1977) (per curiam), there is no requirement that the Miranda warning be given merely because the interview takes place at the police station. "Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.'" Id. A defendant is not deemed to have been "in custody" where, as here, there was "no indication that the questioning took place in a context where [defendant's] freedom to depart was restricted in any way." Id.; see also California v. Beheler, 463 U.S. 1121, 1125 (1983) (per curiam); United States v. Newton, 369 F.3d 659, 669-72 (2d Cir. 2004).

Here, Thomas had not been arrested. He had simply been asked if he was carrying a gun, and was not patted down or searched. He was questioned in a room with an open door, and was told that he was free to leave at any time. After talking to the detectives for 55 minutes, he expressed a desire to leave, at which point the questioning stopped and the detectives immediately transported him home. Thus, the interrogation falls outside Miranda's custody requirement, and the District Court correctly denied Thomas's motion to suppress the statements made during the interview.

Thomas argues that his Confrontation Clause rights were violated when the court allowed a witness to testify that when Thomas and Wallace learned from the news reports that Gil Torres had succumbed to his shooting wounds, Wallace remarked, "good for Homes, he shouldn't have robbed you." Thomas argues that although the Court only allowed the testimony to be admitted against Wallace, the statement clearly implicated Thomas and the limiting instruction was meaningless in light of Bruton v. United States, 391 U.S. 123 (1968), and Cruz v. New York, 481 U.S. 186 (1987). Because the defendant raises the Bruton objection for the first time on appeal, his claim is reviewed for plain error. United States v. Cotton, 535 U.S. 625, 631-32 (2002). The

3

statement at issue – "That's good for Homes, he shouldn't have robbed you" – does not directly suggest that Thomas was the one who shot Gil Torres, and, the statement standing alone could be interpreted as mere bragging. Additional evidence presented in the course of the trial did indeed suggest that Thomas and Wallace had committed the shooting in retribution for the robbery, but Richardson v. Marsh, 481 U.S. 200, 208 (1987), clearly holds that a statement cannot be the basis for a Bruton error if it is incriminatory only when linked with evidence introduced later at trial. Therefore, there was no Bruton error.

Thomas challenges the admission into evidence of Wallace's statement to a fellow conspirator a few hours after the robbery and shooting that "we got him by a school on Farmington Avenue." The District Court admitted the statement as a "statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Thomas concedes that the statement was made by a coconspirator to a fellow conspirator during the existence of the conspiracy, but argues that the statement was not made in furtherance of the narcotics conspiracy. Instead, he characterizes the statement as "puffing" or a "spilling of the beans." We have held that a district court's factual finding "that a given statement was uttered by a coconspirator 'in furtherance' of a conspiracy will not be disturbed on appeal unless it is clearly erroneous." United States v. Maldonado-Rivera, 922 F.2d 934, 959 (2d Cir. 1990)."Where there are two permissible views of the evidence, the court's choice between them cannot be deemed clearly erroneous." Id. The District Court's conclusion that the statement was made in furtherance of the conspiracy is certainly reasonable, and therefore could be deemed to be one of two possible readings of the facts. Accordingly, the District Court's admission of the statement did not amount to clear error.

Thomas also argues that the use of the firearm was one and the same with the "drive-by shooting" crime of violence because the drive-by-shooting crime charged in Count Twelve was a crime of violence that necessarily included the use, carrying and discharge of a weapon. Therefore, he argues, the evidence was insufficient to prove that he committed the crime alleged in Count Fourteen. We reject this argument. In United States v. Mohammed, 27 F.3d 815 (2d Cir. 1994), we upheld consecutive sentences for a § 924(c)(1) violation and an underlying violation of the carjacking statute, based on a single episode, even though both statutes require the presence of a firearm during the offense. Id. at 819-21. The same reasoning underlying that decision applies with respect to the drive-by shooting statute under which Appellants were convicted.

II.

Thomas raises a Sixth Amendment challenge to his sentence. Because the District Court sentenced Wallace and Thomas under the view that the Guidelines were mandatory rather than advisory, see United States v. Booker, 543 U.S. 220 (2005), we remand his case to the District Court for further proceedings in conformity with United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

1      We have considered Wallace and Thomas's remaining arguments and find them to be
2  without merit.

4      Accordingly, the judgment of the District Court is hereby AFFIRMED in part, and
5  REMANDED for consideration of whether to resentence pursuant to Crosby, in part.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *[signature]*
Richard Alcantara, Deputy Clerk

5